### RYNEX v. DISTRICT OF COLUMBIA.
### No. 7475.

United States Court of Appeals for the District of Columbia.

Decided Aug. 5, 1940.

Mark P. Friedlander and Bernard H. Conn, both of Washington, D. C., for petitioner.

Elwood H. Seal, Corp. Counsel, Vernon E. West, Principal Asst. Corp. Counsel, and Glenn Simmon, Asst. Corp. Counsel, all of Washington, D. C., for respondent.

Before GRONER, Chief Justice, and STEPHENS and RUTLEDGE, Associate Justices.

STEPHENS, Associate Justice.

This is a petition for review of an order of the Board of Tax Appeals for the District of Columbia dismissing an appeal to the Board from an assessment of an inheritance tax.

Minnie L. Rynex died October 9, 1938, in the District of Columbia, leaving a will disposing of real estate in the District. Dorothy Rynex, the petitioner and sister of the decedent, was the sole beneficiary under this will and was appointed executrix. The Act of August 17, 1937, 50 Stat. 683, tit. V, c. 690, § 4, D.C.Code Supp. V, T. 20, § 969c, requires the personal representative of every decedent the value of whose estate is in excess of $1,000, to report under oath to the assessor of the District of Columbia, within fifteen months after the death of the decedent, an itemized schedule of the property of the decedent and the market value thereof at the time of death. Some time prior to February 21, 1939, the petitioner filed with the assessor the return thus required, stating the market value of the decedent's real estate in the District to be $25,000. But Section 2, Chapter 690, of the same Act, D.C.Code Supp. V, T. 20, § 969a, provides that the tax is to be paid "on the market value of the property...at the time of the death of the decedent as appraised by the assessor..."; and the assessor appraised the property at $45,000, and on February 21, 1939, notified the petitioner that an inheritance tax had been fixed in the sum of $801.81. On May 22, 1939, the petitioner filed an appeal with the Board, alleging that the reasonable value of the property was, as stated in her return, $25,000, and that the assessment was accordingly improper, and praying that the Board reduce the tax in accordance with the correct value of the property. The appeal to the Board was filed under the Act of May 16, 1938, 52 Stat. 356, tit. IX, c. 223, § 8(3), D.C.Code Supp. V, T. 20, § 974 providing, so far as is here pertinent:

"Any person aggrieved by any assessment of the District against him of any personal property, inheritance, estate, business privilege, gross receipt, gross earnings, or insurance premiums tax or taxes, or penalties thereon, may, within ninety days after notice of such assessment, appeal from such assessment to the Board, provided such person shall first pay such tax, together with penalties and interest due thereon, to the collector of taxes of the District of Columbia under protest in writing. The mailing to the taxpayer of a statement of taxes due shall be considered notice of assessment with respect of such taxes.... The Board may affirm, cancel, reduce, or increase such assessment."

The date of filing of the appeal to the Board, May 22, 1939, was within the ninety-day period fixed by the statute, but the petitioner did not pay the tax. She set forth in her appeal that she had not paid the tax because it was not due until April 9, 1940, and also because she was not able to pay it. The due date, April 9, 1940, was determined under the provision of Section 4, Chapter 690, of the Act of August 17, 1937, that the "personal representative shall, within eighteen months of the date of the death of the decedent . . pay to the collector of taxes of the District of Columbia the taxes imposed . . .." The District of Columbia moved to dismiss the appeal on the ground that the tax had not been paid as required. This motion was granted by the Board. The petition for review was then filed in this court.

The petitioner contends that the statute is ambiguous, in two respects, and that it should be construed in a manner to permit an appeal to the Board within ninety days after the receipt of the notice of assessment, but without payment of the tax until the same has become due. The ambiguities suggested are: First, that the provision of the statute permitting payment of the tax within eighteen months after the death of the decedent is in conflict with the requirement that it shall be paid in ninety days after receipt of the notice of assessment if an appeal is to be taken; second, that the requirement of the appeal section that penalties and interest shall be paid within the ninety days is in conflict with the provision permitting payment of the tax within eighteen months, since there can be no penalties and interest until after the tax is due. These conflicts, the petitioner argues, should be reconciled by construing the statute not to require payment of the tax, even for purposes of appeal, until the due date of the tax.

We find no ambiguity in the statute. As to the first suggested am-

biguity, not all of a statute can be written in one sentence or paragraph. We think that the two provisions said to be conflicting are merely alternative. One provides that if the tax is to be paid in regular course, i. e., without an attempt by appeal to the Board to reduce the same, it shall be paid within eighteen months after the death of the decedent. The other provides that if it is sought to attack the assessment by appeal, the tax must be paid within ninety days after the receipt of the notice of assessment.[1] Concerning the second asserted ambiguity: The appeal section which speaks of taxes and penalties is a general section applicable to all the taxes referred to therein and to all time situations which might arise. The reference to interest and penalties was without doubt used in respect of taxes whose due dates might antedate the expiration of the ninety days after receipt of the notice of assessment within which an appeal is to be taken.

■ We think the plain language of the statute requires payment of the tax within ninety days after receipt of the notice of assessment as a condition precedent to the taking of the appeal. Therefore dismissal of the appeal by the Board was correct.

Affirmed.

[1] It is to be noted that the petitioner was not required by the statute to file her return at any time prior to fifteen months after the death of the decedent. Therefore, instead of filing the return when she did, some time prior to February 21, 1939, the petitioner could have filed it on January 9, 1940. Not until receipt thereafter of the notice of assessment would the ninety-day appeal period have commenced to run. Thus the petitioner could have paid the tax on its due date, April 9, 1940, and still have taken the appeal within the ninety-day period.